# Exhibit A

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
## CLEVELAND, OHIO 44113

| CASE NO. CV21943807 | D1 CM | SUMMONS NO. 43630518 |
|---|---|---|

Rule 4 (B) Ohio Rules of Civil Procedure

## SUMMONS

NAVIDAD C. DE LA ROSA
VS
ALLIED INTERSTATE, LLC, ET AL.

**PLAINTIFF**
**DEFENDANT**

```
ALLIED INTERSTATE LLC
C/O CT CORPORATION SYSTEM, R/A
4400 EASTON COMMONS WAY
SUITE 125

COLUMBUS OH 43219
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

```
MATTHEW L ALDEN
2012 WEST 25TH STREET

SUITE 701
CLEVELAND, OH 44113-0000
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DAVID T MATIA
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By_____
Deputy



| DATE SENT |
|---|
| Feb 8, 2021 |

COMPLAINT FILED 02/08/2021

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
February 8, 2021 14:47

By: MATTHEW L. ALDEN 0065178

Confirmation Nbr. 2176388

NAVIDAD C. DE LA ROSA                    CV 21 943807

vs.
                                         **Judge:** DAVID T. MATIA
ALLIED INTERSTATE, LLC, ET AL.

Pages Filed: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| Navidad C. De La Rosa<br>3771 Merrymound Road<br>South Euclid, Ohio  44121, | ) <br>) <br>) <br>) | Case No.:<br><br>Judge: |
| Plaintiff, | ) <br>) <br>) | **Complaint For Money Damages And Injunctive Relief** |
| v. | ) <br>) | **Jury Demand Endorsed Hereon** |
| Allied Interstate LLC<br>c/o CT Corporation System, r/a<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio  43219, | ) <br>) <br>) <br>) <br>) <br>) | |
| and | ) <br>) | |
| PYOD LLC<br>c/o Corporation Service Company, r/a<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio  43215, | ) <br>) <br>) <br>) <br>) <br>) | |
| Defendants. | ) <br>) | |

For her complaint against the Defendants, Allied Interstate LLC and PYOD LLC, Plaintiff Navidad C. De La Rosa  ("De La Rosa") states as follows:

**Preliminary Statement**

1.     This is an action for actual, statutory and punitive damages brought by De La Rosa against Allied Interstate LLC and PYOD LLC for their violations of the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act, in connection with their unlawful debt collection activity.

## Jurisdiction And Venue

2. This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, Oh. Rev. Code § 2305.01, and 15 U.S.C. §1692k(d). Venue in Cuyahoga County is proper because Allied Interstate and PYOD attempted to collect a debt from De La Rosa in Cuyahoga County and De La Rosa is a resident of this County.

## Parties

3. Mrs. De La Rosa is an adult individual presently residing in South Euclid, Ohio and is a "consumer" as that term is defined in the Fair Debt Collection Practices Act and the Consumer Sales Practices Act.

4. Allied Interstate is a debt collector for defaulted consumer credit accounts owed to third parties such as PYOD.

5. The primary business line of PYOD is the collection of defaulted consumer debt.

6. Allied Interstate and PYOD are not lenders of money to consumers. At no time did either Allied Interstate or PYOD lend money to Mrs. De La Rosa.

7. Allied Interstate and PYOD are foreign corporations located in Minnesota and Nevada, respectively.

## Background

8. On November 26, 2019, Mrs. De La Rosa filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio.

9. The case was docketed as *In re Rudolph Jeter, Jr. and Navidad Carolina De La Rosa,* Case No.: 19-17283.

10. The filing of Mrs. De La Rosa's bankruptcy resulted in the imposition of the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1)&(6), prohibiting any collection activity against

Mrs. De La Rosa for any debts she owed prior to the filing of her case.

11. On or about December 18, 2020, Allied Interstate mailed a debt collection letter ("the 12-18-20 Collection Letter") to Mrs. De La Rosa demanding payment for a debt owned by PYOD that was owed prior to the time she filed for bankruptcy.

12. A true and accurate copy of the letter is attached to this Complaint as Exhibit A.

13. Allied Interstate's mailing of the 12-18-20 collection letter was a willful attempt by Allied Interstate and PYOD to collect on a debt which was prohibited by the automatic bankruptcy stay imposed by 11 U.S.C. § 362(a)(1)&(6).

14. After a reasonable time to conduct discovery, Mrs. De La Rosa believes she can prove that all actions taken by Allied Interstate and PYOD as described in this Complaint were taken willfully with the desire to harm Plaintiff, with knowledge that the actions were taken in violation of the law and with reckless disregard for Plaintiff's rights.

15. Mrs. De La Rosa reasonably fears that, absent this Court's intervention, Allied Interstate and PYOD will continue to engage in illegal collection activity.

16. Because of the actions taken by Allied Interstate and PYOD in attempting to collect on a consumer debt when they were not permitted to do so, Mrs. De La Rosa was forced to hire an attorney and her damages include reasonable attorney fees incurred in pre-suit representation and prosecuting this case.

17. Because of the actions taken by Allied Interstate and PYOD, Mrs. De La Rosa is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter similar future illegal practices by Allied Interstate and PYOD.

### Claim No. 1: Violations of the Federal Fair Debt Collection Practices Act by Allied Interstate and PYOD

18. All prior paragraphs are incorporated into this claim by reference.

19. Mrs. De La Rosa is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692a(3).

20. Allied Interstate and PYOD are each a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) because:

    a.    Allied Interstate regularly collects or attempts to collect defaulted debts owed to others, such as PYOD, using the mails and other instrumentalities of interstate commerce; and

    b.    The principal purpose of PYOD is the collection of defaulted debts, for which it was not the original lender, by means of the instrumentalities of interstate commerce.

21. The account that Allied Interstate and PYOD were trying to collect from Mrs. De La Rosa was a pre-petition debt originally owed to Credit One Bank, N.A. and which arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. §1692a(5).

22. Allied Interstate and PYOD made false and misleading representations prohibited by 15 U.S.C. §1692e(5) by implying in the 12-18-20 Collection Letter that Allied Interstate and PYOD could collect on the Credit One Bank account, when in fact all collection activity was prohibited by reason of Mrs. De La Rosa's bankruptcy filing and 11 U.S.C. § 362(a)(1)&(6).

23. Allied Interstate and PYOD used an unfair means in an attempt to collect a debt in violation of 15 U.S.C. §1692f by sending the 12-18-20 Collection Letter in direct violation of the bankruptcy stay imposed by 11 U.S.C. § 362(a)(1)&(6).

24. As a direct and proximate result of Allied Interstate and PYOD's violations of the Fair Debt Collection Practices Act, Allied Interstate and PYOD are liable to Mrs. De La Rosa in the sum of Mrs. De La Rosa's actual damages, statutory damages, costs, and attorneys' fees, in an

amount to be proven at trial.

### Claim 2: Violations of the Ohio Consumer Sales Practices Act by Allied Interstate and PYOD

25. All prior paragraphs are incorporated into this claim by reference.

26. Mrs. De La Rosa is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(D).

27. Allied Interstate and PYOD are each a "supplier" as defined by the Consumer Sales Practices Act, Oh. Rev. Code §1345.01(C).

28. Allied Interstate and PYOD are directly engaged in the business of effecting "consumer transactions".

29. Allied Interstate and PYOD collect defaulted consumer debts for in Ohio and nationwide.

30. Alternatively, Allied Interstate and PYOD were directly engaged in the business of effecting "consumer transactions" such the unsecured, defaulted debt allegedly owed by Mrs. De La Rosa.

31. Allied Interstate and PYOD committed unfair, deceptive and unconscionable acts or practices in violation of Oh. Rev. Code §§ 1345.02(A) and 1345.03(A) of the Consumer Sales Practices Act including attempting to collect on a debt from Mrs. De La Rosa when they were prohibited from doing so.

32. Such acts and practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, Oh. Rev. Code §§1345.01 to 1345.99.

33. Allied Interstate and PYOD committed the violations after such decisions were available for public inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

34. Specifically, the following cases have held that similar unfair and deceptive acts and practices violate the Ohio Consumer Sales Practices Act: *State ex rel. Montgomery v.*

*Montgomery Ward, et al.,* Case No.: 98-CVH-08-6054, Franklin Co. Court C.P. (August 7, 1998)(PIF# 10001674); *State ex rel. DeWine v. Rotech Holdings Ltd.,* Case No.: 15-CV-9736, Franklin Co. Court C.P.(August 1, 2016) (PIF# 3269); *In The Matter of United Collection Bureau, Inc.*, State of Ohio, Office of the Attorney General Consumer Protection Section, Docket No.: 36490 (August 12, 2010) (PIF # 10002890); and *Becker v. Montgomery, Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

35. Additionally, under well-settled Ohio law, a violation of the Fair Debt Collection Practices Act may also amount to a violation of the Consumer Sales Practices Act.

36. Allied Interstate and PYOD knowingly committed the unfair, deceptive, and unconscionable acts and practices.

37. As a direct and proximate result of Allied Interstate's and PYOD's unfair, deceptive, and unconscionable acts and practices, Mrs. De La Rosa has been damaged in amounts to be proven at trial in an amount in excess of $25,000.00.

38. Allied Interstate's and PYOD's actions in this matter have been willful and malicious or have been undertaken with such reckless disregard of Mrs. De La Rosa's rights that malice may be inferred, subjecting Allied Interstate and PYOD to liability for punitive damages in an amount in excess of $25,000.00.

**Prayer For Relief**

**Wherefore**, Plaintiff Navidad C. De La Rosa prays for judgment against Defendants Allied Interstate and PYOD as follows:

A. Money damages equal to 3 times De La Rosa's actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to Oh. Rev. Code §1345.09(B);

B. For an amount of money in excess of $25,000.00 equal to Mrs. De La Rosa's actual damages, statutory damages pursuant to 15 U.S.C. §1692k, and her costs and attorney fees pursuant to 15 U.S.C. §1692k;

C. For punitive damages in amounts to be proven at trial in excess of $25,000.00;

D. For an amount of money equal to the costs of this action and Mrs. De La Rosa's reasonable attorneys' fees pursuant to Oh. Rev. Code §1345.09(F)(2);

E. For an order declaring that Allied Interstate and PYOD engaged in acts and practices in violation of the Ohio Consumer Sales Practices Act;

F. For a permanent injunction enjoining Allied Interstate and PYOD and their agents, servants, employees, successors or assigns, and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices described in this complaint in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Mrs. De La Rosa;

G. For Pre-judgment and post-judgment interest; and

H. All other legal or equitable relief to which Plaintiff may be entitled.

**Demand For A Jury Trial**

Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,

/s/ Matthew L. Alden
Matthew L. Alden (0065178)
Patrick D. Miller (0088408)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio 44113-4131
Phone: 216-586-6600

Fax: 216-539-9326
malden@lawlh.com
pmiller@lawlh.com
Counsel for Plaintiff Navidad C. De La Rosa



**866-465-3710**

December 18, 2020

N Delarosa
3771 Merrymound Rd
South Euclid, OH 44121-1905

    Re:    Original Creditor: Credit One Bank, N.A. Account No. ************2781
            Amount Owed: $464.90
            Current Creditor: PYOD LLC Account No. *****5055
            Reference No.: 570017099382

N Delarosa:
We are a debt collection company and we have contracted with PYOD LLC to collect on your account issued by Credit One Bank, N.A.. This is an attempt to collect a debt and any information obtained will be used for that purpose.

PYOD LLC is willing to accept payment in the amount of $292.89 in resolution of this debt. You can take advantage of this resolution offer if we receive payment of this amount or if you make another mutually acceptable payment arrangement within 40 days from the date of this letter. We are not obligated to renew this offer.

To make a payment, please telephone us at 866-465-3710 or mail your payment using the coupon on the reverse side of this letter. When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number at the top of this notice.

To access your account online, including payment options, please visit www.payalliedinterstate.com. You will be prompted to enter your Zip Code and Reference Number from this letter.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,

*Allied Interstate LLC*

# Exhibit A

Electronically Filed 02/08/2021 14:47 / / CV 21 943807 / Confirmation Nbr. 2176388 / CLDLJ

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION   NTC    1 of 4

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Navidad C. De La Rosa, | : | Case No: CV 21 943807 |
| Plaintiff, | : | |
| | : | Judge: Matia |
| v. | : | |
| | : | |
| Allied Interstate LLC, et al., | : | PYOD, LLC's Answer to Complaint |
| | : | |
| Defendants. | : | |
| | : | |

Now comes Defendant PYOD, LLC and provides the following for its answer to Plaintiff Navidad C. De La Rosa's complaint.

**Complaint 1.** This is an action for actual, statutory and punitive damages brought by De La Rosa against Allied Interstate LLC and PYOD LLC for their violations of the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act, in connection with their unlawful debt collection activity.

**Answer 1.** PYOD denies all allegations in Paragraph 1.

### Jurisdiction And Venue

**Complaint 2.** This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, Oh. Rev. Code § 2305.01, and 15 U.S.C. §1692k(d). Venue in Cuyahoga County is proper because Allied Interstate and PYOD attempted to collect a debt from De La Rosa in Cuyahoga County and De La Rosa is a resident of this County.

**Answer 2.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 2 and therefore denies Paragraph 2.

### Parties

**Complaint 3.** Mrs. De La Rosa is an adult individual presently residing in South Euclid, Ohio and is a "consumer" as that term is defined in the Fair Debt Collection Practices Act and the Consumer Sales Practices Act.

**Answer 3.** PYOD admits that Rosa is an individual but is without sufficient information to admit or deny the remaining allegations in paragraph 3 of the complaint. Thus, it denies the remaining allegations in paragraph 3.

**Complaint 4.** Allied Interstate is a debt collector for defaulted consumer credit accounts owed to third parties such as PYOD.

**Answer 4.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 4 and therefore denies Paragraph 4.

**Complaint 5.** The primary business line of PYOD is the collection of defaulted consumer debt.

**Answer 5.** Denied

**Complaint 6.** Allied Interstate and PYOD are not lenders of money to consumers. At no time did either Allied Interstate or PYOD lend money to Mrs. De La Rosa.

**Answer 6.** Denied

**Complaint 7.** Allied Interstate and PYOD are foreign corporations located in Minnesota and Nevada, respectively.

**Answer 7.** PYOD admits that it is a Nevada Limited Liability Company but denies any remaining allegations in paragraph 7 for lack of knowledge.

## Background

**Complaint 8.** On November 26, 2019, Mrs. De La Rosa filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio.

**Answer 8.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore denies Paragraph 8.

**Complaint 9.** The case was docketed as *In re Rudolph Jeter, Jr. and Navidad Carolina De La Rosa,* Case No.: 19-17283.

**Answer 9.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore denies Paragraph 9.

**Complaint 10.** The filing of Mrs. De La Rosa's bankruptcy resulted in the imposition of the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1)&(6), prohibiting any collection activity against Mrs. De La Rosa for any debts she owed prior to the filing of her case.

**Answer 10.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 10 and therefore denies Paragraph 10.

**Complaint 11.** On or about December 18, 2020, Allied Interstate mailed a debt collection letter ("the 12-18-20 Collection Letter") to Mrs. De La Rosa demanding payment for a debt owned by PYOD that was owed prior to the time she filed for bankruptcy.

**Answer 11.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 11 and therefore denies Paragraph 11.

**Complaint 12.** A true and accurate copy of the letter is attached to this Complaint as Exhibit A.

**Answer 12.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 12 and therefore denies Paragraph 12.

**Complaint 13.** Allied Interstate's mailing of the 12-18-20 collection letter was a willful attempt by Allied Interstate and PYOD to collect on a debt which was prohibited by the automatic bankruptcy stay imposed by 11 U.S.C. § 362(a)(1)&(6) .

**Answer 13.** PYOD denies all allegations in Paragraph 13.

**Complaint 14.** After a reasonable time to conduct discovery, Mrs. De La Rosa believes she can prove that all actions taken by Allied Interstate and PYOD as described in this Complaint were taken willfully with the desire to harm Plaintiff, with knowledge that the actions were taken in violation of the law and with reckless disregard for Plaintiff's rights.

**Answer 14.** PYOD denies all allegations in Paragraph 14.

**Complaint 15.** Mrs. De La Rosa reasonably fears that, absent this Court's intervention, Allied Interstate and PYOD will continue to engage in illegal collection activity.

**Answer 15.** PYOD denies all allegations in Paragraph 15.

**Complaint 16.** Because of the actions taken by Allied Interstate and PYOD in attempting to collect on a consumer debt when they were not permitted to do so, Mrs. De La Rosa was forced to hire an attorney and her damages include reasonable attorney fees incurred in pre-suit representation and prosecuting this case.

**Answer 16.** PYOD denies all allegations in Paragraph 16.

**Complaint 17.** Because of the actions taken by Allied Interstate and PYOD, Mrs. De La Rosa is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter similar future illegal practices by Allied Interstate and PYOD.

**Answer 17.** PYOD denies all allegations in Paragraph 17.

**Claim No. 1: Allegations Under the Federal Fair Debt Collection Practices Act by Allied Interstate and PYOD**

**Complaint 18.** All prior paragraphs are incorporated into this claim by reference.

**Answer 18.** PYOD fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 19.** Mrs. De La Rosa is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692a(3).

**Answer 19.** PYOD lacks information or knowledge sufficient to form a belief about the truth of Paragraph 19 and therefore denies Paragraph 19.

**Complaint 20.** Allied Interstate and PYOD are each a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) because:

a. Allied Interstate regularly collects or attempts to collect defaulted debts owed to others, such as PYOD, using the mails and other instrumentalities of interstate commerce; and

b. The principal purpose of PYOD is the collection of defaulted debts, for which it was not the original lender, by means of the instrumentalities of interstate commerce.

**Answer 20.** Denied

**Complaint 21.** The account that Allied Interstate and PYOD were trying to collect from Mrs. De La Rosa was a pre-petition debt originally owed to Credit One Bank, N.A. and which arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. §1692a(5).

**Answer 21.** Denied

**Complaint 22.** Allied Interstate and PYOD made false and misleading representations prohibited by 15 U.S.C. §1692e(5) by implying in the 12-18-20 Collection Letter that Allied Interstate and PYOD could collect on the Credit One Bank account, when in fact all collection activity was prohibited by reason of Mrs. De La Rosa's bankruptcy filing and 11 U.S.C. § 362(a)(1)&(6).

**Answer 22.** PYOD denies all allegations in Paragraph 22.

**Complaint 23.** Allied Interstate and PYOD used an unfair means in an attempt to collect a debt in violation of 15 U.S.C. §1692f by sending the 12-18-20 Collection Letter in direct violation of the bankruptcy stay imposed by 11 U.S.C. § 362(a)(1)&(6).

**Answer 23.** PYOD denies all allegations in Paragraph 23.

**Complaint 24.** As a direct and proximate result of Allied Interstate and PYOD's violations of the Fair Debt Collection Practices Act, Allied Interstate and PYOD are liable

4

to Mrs. De La Rosa in the sum of Mrs. De La Rosa's actual damages, statutory damages, costs, and attorneys' fees, in an amount to be proven at trial.

**Answer 24.** PYOD denies all allegations in Paragraph 24.

**Claim 2: Allegations Under the Ohio Consumer Sales Practices Act by Allied Interstate and PYOD**

**Complaint 25.** All prior paragraphs are incorporated into this claim by reference.

**Answer 25.** PYOD fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 26.** Mrs. De La Rosa is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(D).

**Answer 26.** Denied

**Complaint 27.** Allied Interstate and PYOD are each a "supplier" as defined by the Consumer Sales Practices Act, Oh. Rev. Code §1345.01(C).

**Answer 27.** Denied

**Complaint 28.** Allied Interstate and PYOD are directly engaged in the business of effecting "consumer transactions".

**Answer 28.** Denied

**Complaint 29.** Allied Interstate and PYOD collect defaulted consumer debts for in Ohio and nationwide.

**Answer 29.** Denied

**Complaint 30.** Alternatively, Allied Interstate and PYOD were directly engaged in the business of effecting "consumer transactions" such the unsecured, defaulted debt allegedly owed by Mrs. De La Rosa.

**Answer 30.** Denied

**Complaint 31.** Allied Interstate and PYOD committed unfair, deceptive and unconscionable acts or practices in violation of Oh. Rev. Code §§ 1345.02(A) and 1345.03(A) of the Consumer Sales Practices Act including attempting to collect on a debt from Mrs. De La Rosa when they were prohibited from doing so.

**Answer 31.** PYOD denies all allegations in Paragraph 31.

**Complaint 32.** Such acts and practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, Oh. Rev. Code §§1345.01 to 1345.99.

**Answer 32.** PYOD denies all allegations in Paragraph 32.

**Complaint 33.** Allied Interstate and PYOD committed the violations after such decisions were available for public inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

**Answer 33.** PYOD denies all allegations in Paragraph 33.

**Complaint 34.** Specifically, the following cases have held that similar unfair and deceptive acts and practices violate the Ohio Consumer Sales Practices Act: *State ex rel. Montgomery v. Montgomery Ward, et al.,* Case No.: 98-CVH-08-6054, Franklin Co. Court C.P. (August 7, *1998)(PIF# 10001674); State ex rel. DeWine v. Rotech Holdings Ltd., Case No.: 15-CV-9736,* Franklin Co. Court C.P.(August 1, 2016) (PIF# 3269); *In The Matter of United Collection Bureau, Inc.,* State of Ohio, Office of the Attorney General Consumer Protection Section, Docket No.:, 36490 (August 12, 2010) (PIF # 10002890); and *Becker v. Montgomery, Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

**Answer 34.** PYOD denies all allegations in Paragraph 34.

**Complaint 35.** Additionally, under well-settled Ohio law, a violation of the Fair Debt Collection Practices Act may also amount to a violation of the Consumer Sales Practices Act.

**Answer 35.** PYOD denies all allegations in Paragraph 35.

**Complaint 36.** Allied Interstate and PYOD knowingly committed the unfair, deceptive, and unconscionable acts and practices.

**Answer 36.** PYOD denies all allegations in Paragraph 36.

**Complaint 37.** As a direct and proximate result of Allied Interstate's and PYOD's unfair, deceptive, and unconscionable acts and practices, Mrs. De La Rosa has been damaged in amounts to be proven at trial in an amount in excess of $25,000.00.

**Answer 37.** PYOD denies all allegations in Paragraph 37.

**Complaint 38.** Allied Interstate's and PYOD's actions in this matter have been willful and malicious or have been undertaken with such reckless disregard of Mrs. De La Rosa's rights that malice may be inferred, subjecting Allied Interstate and PYOD to liability for punitive damages in an amount in excess of $25,000.00.

All other allegations in the Complaint are denied.

## ADDITIONAL DEFENSES

1. To the extent that any Defendant is found to have violated the FDCPA, such violation was unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, under 15 U.S.C. § 1692k, the complaint must be dismissed.

2. Rosa lacks standing.

3. Plaintiff may have caused or contributed to her alleged damages. PYOD therefore raises the affirmative defense of contributory negligence.

4. Plaintiff may have caused or contributed to her alleged damages. PYOD therefore raises the affirmative defense of comparative negligence.

5. Any violation of the law or injuries alleged by the Rosa were the fault of entities beyond the control of PYOD.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Rosa's requested relief denied, and PYOD should be awarded its costs and fees in defending this action.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for PYOD, LLC*

### Certificate of Service

I certify that the foregoing PYOD, LLC's Answer to Complainthas been served by email to all counsel of record on March 12, 2021.

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)

7